## SWEGLES *v.* WAYNE CIRCUIT JUDGE.

1. JUSTICES OF THE PEACE—APPEAL—DISCONTINUANCE—COSTS.

   Under 2 How. Stat. § 7021, providing that, if an appeal from justice's court be dismissed or discontinued, the court shall enter judgment in favor of the appellee for costs, an order permitting the appellant to discontinue upon payment of part of the costs only is unauthorized.[1]

2. SAME—REMEDY.

   Where such order is entered, however, the appellee's remedy is by motion to set it aside, and not by application for judgment for full costs.

*Mandamus* by John Swegles to compel Joseph W. Donovan, circuit judge of Wayne county, to award full costs to relator in a suit appealed from justice's court and discontinued. Submitted October 6, 1896. Denied October 20, 1896.

*A. Ward Copley*, for relator.

*James H. Pound*, for respondent.

PER CURIAM.    Relator obtained judgment against one Patrick Dailey, before a justice of the peace, for $5 damages, and $4.20 costs of suit.    Defendant appealed to the circuit court, where, on a trial, plaintiff obtained judgment for $90 damages and costs.    February 4, 1896, this judgment was set aside, on motion of defendant's counsel, on payment of $5.    February 5th the following order was entered:

"In this cause it is ordered that the defendant be permitted to discontinue his appeal in this case upon the payment by him to the clerk of the court of the sum of $5, as costs, over the justice's judgment."

---

[1] In *Peterson* v. *Frey*, 109 Mich. 689, it is held that the appellant has no right to a dismissal of the appeal as against the objection of the appellee.

On the same day the defendant, by his counsel, entered an order on the common order book dismissing the appeal. February 11th relator made a motion before respondent for judgment for costs, under the provisions of section 7021, 2 How. Stat. This statute provides that, "If an appeal be dismissed or discontinued, the court shall enter judgment in favor of the appellee for costs." The motion was denied, and relator now asks the aid of *mandamus* to compel the respondent to enter such judgment.

It is not set out by the return to the order to show cause that plaintiff acquiesced in this order of discontinuance upon the payment of the amount of costs fixed by the order, and we are therefore of the opinion that the order of dismissal of the appeal upon this condition so entered was unauthorized, and should be set aside. No application, however, has been made to the court to set aside such order, but the application was for a judgment for full costs, and was denied. Presumably, the court, upon proper application, will set aside this order of dismissal of the appeal, and the writ must be denied. No costs will be allowed.